NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AJAY KAJLA,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON MBS ARMT 2005-8, WELLS FARGO, N.A., and PHELAN HALLINAN DIAMOND & JONES PC,<br><br>        Defendants-Appellees. | Civ. No. 17-8953<br><br>**OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court on the application filed by Plaintiff-Appellant Ajay Kajla ("Mr. Kajla") to proceed *in forma pauperis* ("IFP") without prepayment of fees on his appeal to the Third Circuit. (ECF Nos. 17, 18.)[1] In considering an application to proceed *in forma pauperis*, the Court generally conducts a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). To satisfy this initial inquiry, litigants who wish to proceed *in forma pauperis* must file an application which includes an affidavit of indigence that states the individual's total income, all assets, and inability to pay filing fees. *See* 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007).

---

[1] Mr. Kajla filed both an application to proceed *in forma pauperis* (ECF No. 17) and a motion to proceed *in forma pauperis* (ECF No. 18). Given this duplication, the Clerk's Office terminated the motion. (*See* Docket Entry dated 04/02/2018.) The Court now considers the application.

1

Mr. Kajla appears to have satisfied the first inquiry. He has no income, he has been unemployed since July 2017, he has $496 total in personal bank accounts, he has cumulative monthly expenses of $2,822, he has two dependents (though he did not specify how much he contributes to their support), and he has debts totaling $12,199. (*See* ECF Nos. 17, 18-1.)[2] The Court finds that Mr. Kajla is eligible to proceed *in forma pauperis*.

Second, the Court determines whether the appeal should be dismissed. An appeal may be subject to *sua sponte* dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.* § 1915(a)(3).

Mr. Kajla appeals this Court's decision on Defendants' Motion to Dismiss and Mr. Kajla's own Motion to Amend. (*See* ECF Nos. 15, 16.) The Court does not find that this appeal is frivolous or malicious, and has no reason to believe it is not taken in good faith; therefore, *sua sponte* dismissal is not warranted.

For the foregoing reasons, the Court permits Mr. Kajla's appeal to be filed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. An appropriate order will follow.

Date: 4/3/18

ANNE E. THOMPSON, U.S.D.J.

---

[2] Mr. Kajla has neglected to disclose his current housing situation on his IFP form, but from the proceedings to date the Court understands that Mr. Kajla is still living in his home at 6 Ramapo Court, Colts Neck, NJ (*see* Proposed Am. Compl. ¶ 1.1, ECF No. 13), which has been foreclosed upon and was sold at sheriff's sale in October 2017. He therefore does not have current housing expenses, as he has been in default on his $1.4 million mortgage since September 1, 2007 (*see id.* ¶¶ 3.1–3.7).

2